IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
~~EASTERN~~ DIVISION
NORTHERN

2005 NOV 14 P 3:48

| | |
|---|---|
| FORIA INTERNATIONAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NITCHES, INC.; KOHL'S DEPARTMENT ) <br> STORES, INC.; and DOES 1-9, ) <br> INCLUSIVE, ) <br> ) <br> Defendants. ) | Case No. 2:05mc3270-F <br> CV 05-4798PA(Mcx) <br> (Central District of California) <br><br> EVIDENTIARY HEARING <br> REQUESTED |

### KOHL'S DEPARTMENT STORES, INC.'S
### MOTION TO COMPEL DELIVERY OF CASE FILE

Defendant Kohl's Department Stores, Inc. ("Kohl's") respectfully requests this Court grant its Motion to Compel and require the law firm of Capell & Howard, P.C. ("Capell & Howard ") to deliver to Kohl's a complete copy of the case file associated with the action styled *Woods & Water, Inc. v. Foria International, Inc. and Kohl's Department Stores, Inc.*, Case No. CV-040HS-3076-S, (U.S.D.C. AL N.D.) ("Previous Action") in which Capell & Howard represented **both** the movant (Kohl's) and Foria International Inc. ("Foria"). Capell & Howard has expressed a willingness to provide records that are clearly the property of Kohl's as a co-defendant in the Previous Action. However, Foria, specifically its California counsel, has stymied this otherwise reasonable request by threatening a Bar Complaint against two Capell & Howard lawyers. Such an effort is an abuse of the Alabama Bar, contrary to the Alabama Rules of Professional Conduct ("Rules of Ethics"), and unjustly manipulates the Rules of Ethics to evade a disqualification motion pending in another jurisdiction. In support of its Motion, Kohl's states as follows:

801163.1

1. On October 22, 2004, Woods & Water, Inc. ("Woods & Water") filed the Previous Action against Foria International, Inc. ("Foria") and Kohl's for trademark infringement, unfair competition, and trademark dilution regarding the trademark WOODS & WATER.

2. On November 30, 2004, Mr. Christopher W. Weller of the law firm Capell & Howard, P.C. filed an Unopposed Motion of Defendants for Extension of Time to Answer Plaintiff's Complaint (a copy of which is attached as Exhibit A). This Motion clearly indicates that it was filed by Capell & Howard as attorneys for **both** Foria and Kohl's.

3. On December 3, 2004, Mr. Weller filed an Answer (attached as Exhibit B) to the Complaint which also indicated it was filed by Capell & Howard on behalf of **both** Foria and Kohl's.

4. On December 29, 2004, Mr. Henry C. Barnett, Jr. of Capell & Howard filed the Rule 26(f) Joint Proposed Discovery Plan on behalf of **all** the parties (attached as Exhibit C). This document is further evidence that Capell & Howard represented both Foria and Kohl's and is the first document filed which indicated any involvement by Mark Fang and Kassandra Clingan, the California counsel for Foria.

5. The Previous Action was eventually settled without further court involvement and Mr. Weller signed the Joint Stipulation of Dismissal (attached as Exhibit D) on behalf of both Foria and Kohl's.

6. It is plain from the pleadings in the Previous Action that the law firm of Capell & Howard represented both Foria and Kohl's. Representatives of Capell & Howard signed each and every pleading on behalf of both defendants.

7. Additional correspondence from Capell & Howard (attached as Exhibits E and F) also indicates Capell & Howard was representing <u>both</u> Foria and Kohl's in the Previous Action.

8. There has been no allegation of a lien being placed on the file.

9. On **October 19, 2005**, Kohl's requested by subpoena a copy of its case file with regard to the above-discussed suit from Capell & Howard (attached as Exhibit G).

10. Mr. Weller wrote to California counsel for Foria to inform them that Capell & Howard intended to provide the entire file involving the Previous Action to its former client Kohl's. *See* Exhibit H (October 31, 2005 letter from Kassandra Clingan referencing Mr. Weller's letter).

11. California counsel for Foria responded on October 31, 2005 threatening Messrs. Barnett and Weller with an Alabama State Bar Complaint ("Bar Complaint") if Capell & Howard complied with Kohl's reasonable request for its case file (Exhibit H). Foria made the puzzling claim that the contents of the file were privileged material belonging to Foria. On information and belief, this may not have been the first such threat made by Clingan against Messrs. Barnett and Weller.

12. In the October 31, 2005 letter, Kassandra Clingan admits that Capell & Howard represented both Foria and Kohl's in the Previous Action.

13. On November 3, 2005, Capell & Howard, faced with a Subpoena from one former client (Kohl's) and a threatened (and spurious) State Bar complaint from another former client (Foria) found itself forced to file an Objection to Subpoena (attached as Exhibit I) and stated that it awaited further instruction from the Court on how to proceed.[1]

---

[1] Indeed, in its Objection to the Subpoena Capell & Howard acknowledges that Kohl's and Foria are <u>both</u> "former clients." *See* Objection at ¶ 3 (..."[Cappell & Howard] finds itself in the middle of a dispute among two former clients.").

14. Numerous Alabama State Bar ethics opinions indicate a client's case file belongs to the client and should be provided to the client by its attorney upon request. *See* Exhibit J, RO-86-02, Exhibit K, RO-92-05, Exhibit L, RO-90-92, Exhibit M, RO-91-06, and Exhibit N, RO-87-148.

15. RO-86-02 (Exhibit J) provides, "[An attorney] *must* surrender these materials to the client upon the client's request." (emphasis added).

16. RO-92-05 (Exhibit K) provides, "The Disciplinary Commission has repeatedly held that the files of a client belong to the client...."

17. RO-90-92 (Exhibit L) states "it is our opinion that, with or without a subpoena, your client has a right to request and to receive documents from her file."

18. Upon information and belief, the October 31, 2005 correspondence to Capell & Howard from Kassandra Clingan on behalf of Mark Fang's law firm was not intended to protect an alleged privilege, but rather was an improper attempt to fend off Kohl's disqualification motion directed to Mark Fang's law firm in another case pending in another jurisdiction.

19. Such action is in direct conflict with the ethical obligations incumbent upon professionals in the legal field. The Preamble to the Alabama Rules of Professional Conduct states it is the duty of every recipient of the privilege to practice law to conduct himself or herself at all times, both professionally and personally, in conformity with the standards imposed upon members of the bar as conditions for the privilege to practice law. Rule 3.1 states the advocate has a duty not to abuse legal procedures, and Rule 8.1 prohibits an advocate from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

20. Threatening a bar complaint based upon an improper and self-serving claim of privilege in order to interfere with a reasonable request of a client for records belonging to the client is a violation of the ethical rules governing advocates in this jurisdiction.

NOW THEREFORE, Kohl's respectfully requests this Court grant this Motion to Compel Delivery of Case File and enter an Order:

A) Requiring Capell & Howard, P.C. to provide Kohl's with access to the documents contained in its file pertaining to the WOODS & WATER litigation;

B) Reprimanding Mark Fang and Kassandra Clingan for attempting to abuse the right of privilege for an improper and self-serving purpose; and

C) Requiring Mark Fang and Kassandra Clingan to compensate Kohl's for the costs, including reasonable attorney's fees, associated with their interference with Kohl's obtaining a copy of the file to which they are rightfully entitled.

_____
Will Hill Tankersley
David Burkholder
Attorneys for Defendant Kohl's Department Stores, Inc.
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5872
E-mail: wtankers@balch.com
E-mail: dburkholder@balch.com

## Request for Evidentiary Hearing

Counsel for Kohl's seeks an evidentiary hearing at which time testimony are to be taken from Mr. Weller or Mr. Barnett as to their belief that they were representing **both** Kohl's and Foria in the Previous Action and the Bar complaint threats leveled at them by Foria's California counsel.

_____
Will Hill Tankersley
David Burkholder
Attorneys for Defendant Kohl's Department Stores, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed by United States Postal Service a copy of the foregoing document to the following this the 10 day of November, 2005.

Kassandra Clingan, Esq.
LAW OFFICE OF MARK FANG
215 E. Daily Drive, Suite 10
Camarillo, California 93010

Donald M. Cislo, Esq.
CISLO & THOMAS, LLP
233 Wilshire Boulevard, Suite 900
Santa Monica, California 90401

Henry C. Barnett, Esq.
Christopher W. Weller, Esq.
CAPELL & HOWARD, P.C.
P.O. Box 2069
Montgomery, Alabama 36102-2069

Respectfully submitted,

_____
Will Hill Tankersley
David Burkholder
Attorney for Defendant Kohl's Department Stores, Inc.
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5872
E-mail: wtankers@balch.com
E-mail: dburkholder@balch.com