# EXHIBIT

# B

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WOODS & WATER, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. ) CV-04-HS-3076-S |
| FORIA INTERNATIONAL, INC. and KOHL'S DEPARTMENT STORES, INC. | ) ) ) |
| Defendants. | ) |

### ANSWER OF DEFENDANTS FORIA INTERNATIONAL, INC. AND KOHL'S DEPARTMENT STORES, INC.

**COME NOW** Defendants Foria International, Inc. and Kohl's Department Stores, Inc., and for their Answer to Plaintiff's Complaint state as follows:

### ANSWER

### Parties

1. Defendants admit the allegations of Paragraph 1 of the Complaint.

2. Defendant Foria International, Inc. admits the allegations of Paragraph 2 of the Complaint.

3. Defendant Kohl's Department Stores, Inc. admits the allegations of Paragraph 3 of the Complaint.

### Jurisdiction and Venue

Defendants adopt and incorporate the responses contained in Paragraphs 1 through 3 as if fully set forth herein.

RECEIVED DEC 0 6 2004

1

4.   Defendants deny the allegations of Paragraph 4 of the Complaint to the extent that they allege that Defendants have violated the United States Trademark Act of 1946, 15 U.S.C. §1061, *et seq.* (the "Lanham Act") or the laws of the State of Alabama.

5.   Defendants deny the allegations of Paragraph 5 of the Complaint to the extent that they allege that Defendants have violated federal law giving rise to federal question jurisdiction pursuant to 28 U.S.C. §1338 or that Defendants have violated State law thereby subjecting the claims to determination by this Court *vis-à-vis* the doctrine of pendent jurisdiction.

### Background

Defendants adopt and incorporate the responses contained in Paragraphs 1 through 5 as if fully set forth herein.

6.   Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 6 of the Complaint and therefore demand strict proof thereof.

7.   Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 7 of the Complaint and therefore demand strict proof thereof.

8.   Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 8 of the Complaint and therefore demand strict proof thereof.

9.   Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 9 of the Complaint and therefore demand strict proof thereof.

10.   Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 10 of the Complaint and therefore demand strict proof thereof.

11.   Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 11 of the Complaint and therefore demand strict proof thereof.

12. Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 12 of the Complaint and therefore demand strict proof thereof.

13. Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 13 of the Complaint and therefore demand strict proof thereof.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants admit that Plaintiff has registered the mark WOODS & WATER with the Alabama Secretary of State for two classifications – 054 (Retail Trade, Apparel, Accessory and Shoe Store) and 047 (Retail Trade, Sporting Goods and Hobby Stores).

16. Defendant Foria admits that it has adopted and used the mark "WOODS & WATER OUTFITTERS" in the manufacture of men's, women's, and children's sportswear, namely knit and woven tops, jackets, vests, casual pants, shorts, T-shirts, socks, sweaters, hats and belts. Defendant Foria denies the allegations of Paragraph 16 of the Complaint to the extent that Plaintiff alleges that Foria is required to obtain Plaintiff's authorization to use the "WOODS & WATER OUTFITTERS" mark.

17. Defendant Foria admits that it provides its WOODS & WATER OUTFITTERS apparel to Defendant Kohl's Department Stores, Inc. for resale in the State of Alabama.

18. Defendants deny that their use of the mark WOODS & WATER OUTFITTERS has led to confusion in the market place. Defendants lack sufficient information either to admit or to deny the remaining allegations of Paragraph 18 of the Complaint and therefore demand strict proof thereof.

19. Defendants deny the allegation of Paragraph 19 of the Complaint to the extent that it alleges that Defendants are required to obtain a license, permission or authorization from Plaintiff to use the "WOODS & WATER OUTFITTERS" mark.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

## Count I
### False Description or Representation

22. Defendants adopt and incorporate the responses contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

## Count II
### Unfair Competition

25. Defendants adopt and incorporate the responses contained in Paragraphs 1 through 24 as if fully set forth herein.

26. Defendants lack sufficient knowledge either to admit or to deny the allegations of Paragraph 26 of the Complaint and therefore demand strict proof thereof.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

## Count III
### Unfair Competition

30. Defendants adopt and incorporate the responses contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

## Count IV
## Unfair Competition

33. Defendants adopt and incorporate the responses contained in Paragraphs 1 through 32 as if fully set forth herein.

34. Defendants admit that the allegations of paragraph 34 of the Complaint state, in part, the provisions of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

35. Defendants admit that the allegations of paragraph 35 of the Complaint state, in part, the provisions of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny Plaintiff's allegations set forth in its Prayer for Relief and otherwise deny that Plaintiff is entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

No act or omission of Defendants caused any injury or damage cognizable under the law to Plaintiff.

## THIRD DEFENSE

Defendants plead the affirmative defenses of laches, estoppel and waiver.

## FOURTH DEFENSE

Defendants plead that Plaintiff is guilty of unclean hands.

5

## FIFTH DEFENSE

Defendants plead that the Plaintiff's mark is not distinctive.

## SIXTH DEFENSE

Defendants plead that Plaintiff's work is not within the subject matter of trademark protections.

## SEVENTH DEFENSE

Defendants plead that there is no likelihood of consumer confusion.

## EIGHTH DEFENSE

Defendants plead that there is insufficient similarity between the alleged marks; that Plaintiff's alleged mark is different from Defendants' mark "WOODS & WATER OUTFITTERS" in terms of font, style, color and general appearance.

## NINTH DEFENSE

Defendants plead that their use was fair.

## TENTH DEFENSE

Defendants plead that Plaintiff has acquiesced in the use of its alleged mark by third parties.

## ELEVENTH DEFENSE

Defendants plead that prior to the events complained of in the Complaint, numerous third-parties have used trademarks in the retail apparel and sporting goods fields that are substantially identical to or similar to Plaintiff's alleged trademark. By virtue of said third-party uses, Plaintiff's name, package designs and uses of the alleged mark "WOODS & WATER" as set forth in Plaintiff's Complaint are indistinctive, common in the industry, and cannot serve as a

trademark or designation of the source of Plaintiff's products and Plaintiff's products alone. Plaintiff's rights, if any, in said alleged trademark must be strictly construed.

### TWELVTH DEFENSE

Defendants plead that they are not guilty of the matters charged against it in the Plaintiff's Complaint.

### THIRTEENTH DEFENSE

Plaintiff has abandoned whatever right, title, and interest in it to the alleged mark "WOODS AND WATER" that is may have had.

### FOURTEENTH DEFENSE

Unless specifically admitted above, Defendants deny each and every material allegation of Plaintiff's Complaint and demand strict proof thereof.

### FIFTEENTH DEFENSE

The trademark "WOODS & WATER" is merely descriptive of the nature of the services provided by Plaintiff and thus not afforded protection under the Trademark Act. (Trademark Act Section 2(e)(1), 15 U.S.C. 1052(e)(1)).

### SIXTEENTH DEFENSE

Defendants reserve the right to add additional responses and defenses within such time as may be allowed by the Court for amendments to pleadings.

_____
Christopher W. Weller (WEL020)
Henry C. Barnett, Jr. (BAR037)
Attorneys for Foria International, Inc, and
Kohl's Department Stores, Inc.

**OF COUNSEL:**
Capell & Howard, P.C.
P.O. Box. 2069
Montgomery, Alabama 36102-2069
(334) 241-8000
FAX: (334) 323-8888

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following counsel of record by placing and true and correct copy of same in the U.S. Mail, postage prepaid and properly addressed, as noted below, this the 3rd day of December, 2004.

> Will Hill Tankersley
> Kimberly Till Powell
> David Burkholder
> Balch & Bingham, LLP
> Post Office Box 306
> Birmingham, Alabama 35201-0306

_____
OF COUNSEL

FILED
2004 Dec-07 PM 01:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WOODS & WATER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | CV-04-HS-3076-S |
| FORIA INTERNATIONAL, INC. and ) | |
| KOHL'S DEPARTMENT STORES, INC. ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANTS FORIA INTERNATIONAL, INC. AND KOHL'S DEPARTMENT STORES, INC.

**COME NOW** Defendants Foria International, Inc. and Kohl's Department Stores, Inc., and for their Answer to Plaintiff's Complaint state as follows:

### ANSWER

#### Parties

1. Defendants admit the allegations of Paragraph 1 of the Complaint.

2. Defendant Foria International, Inc. admits the allegations of Paragraph 2 of the Complaint.

3. Defendant Kohl's Department Stores, Inc. admits the allegations of Paragraph 3 of the Complaint.

#### Jurisdiction and Venue

Defendants adopt and incorporate the responses contained in Paragraphs 1 through 3 as if fully set forth herein.

1

4.  Defendants deny the allegations of Paragraph 4 of the Complaint to the extent that they allege that Defendants have violated the United States Trademark Act of 1946, 15 U.S.C. §1061, *et seq.* (the "Lanham Act") or the laws of the State of Alabama.

5.  Defendants deny the allegations of Paragraph 5 of the Complaint to the extent that they allege that Defendants have violated federal law giving rise to federal question jurisdiction pursuant to 28 U.S.C. §1338 or that Defendants have violated State law thereby subjecting the claims to determination by this Court *vis-à-vis* the doctrine of pendent jurisdiction.

## Background

Defendants adopt and incorporate the responses contained in Paragraphs 1 through 5 as if fully set forth herein.

6.  Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 6 of the Complaint and therefore demand strict proof thereof.

7.  Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 7 of the Complaint and therefore demand strict proof thereof.

8.  Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 8 of the Complaint and therefore demand strict proof thereof.

9.  Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 9 of the Complaint and therefore demand strict proof thereof.

10. Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 10 of the Complaint and therefore demand strict proof thereof.

11. Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 11 of the Complaint and therefore demand strict proof thereof.

12. Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 12 of the Complaint and therefore demand strict proof thereof.

13. Defendants lack sufficient information either to admit or to deny the allegations of Paragraph 13 of the Complaint and therefore demand strict proof thereof.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants admit that Plaintiff has registered the mark WOODS & WATER with the Alabama Secretary of State for two classifications – 054 (Retail Trade, Apparel, Accessory and Shoe Store) and 047 (Retail Trade, Sporting Goods and Hobby Stores).

16. Defendant Foria admits that it has adopted and used the mark "WOODS & WATER OUTFITTERS" in the manufacture of men's, women's, and children's sportswear, namely knit and woven tops, jackets, vests, casual pants, shorts, T-shirts, socks, sweaters, hats and belts. Defendant Foria denies the allegations of Paragraph 16 of the Complaint to the extent that Plaintiff alleges that Foria is required to obtain Plaintiff's authorization to use the "WOODS & WATER OUTFITTERS" mark.

17. Defendant Foria admits that it provides its WOODS & WATER OUTFITTERS apparel to Defendant Kohl's Department Stores, Inc. for resale in the State of Alabama.

18. Defendants deny that their use of the mark WOODS & WATER OUTFITTERS has led to confusion in the market place. Defendants lack sufficient information either to admit or to deny the remaining allegations of Paragraph 18 of the Complaint and therefore demand strict proof thereof.

19. Defendants deny the allegation of Paragraph 19 of the Complaint to the extent that it alleges that Defendants are required to obtain a license, permission or authorization from Plaintiff to use the "WOODS & WATER OUTFITTERS" mark.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

### Count I
### False Description or Representation

22. Defendants adopt and incorporate the responses contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

### Count II
### Unfair Competition

25. Defendants adopt and incorporate the responses contained in Paragraphs 1 through 24 as if fully set forth herein.

26. Defendants lack sufficient knowledge either to admit or to deny the allegations of Paragraph 26 of the Complaint and therefore demand strict proof thereof.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

### Count III
### Unfair Competition

30. Defendants adopt and incorporate the responses contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

## Count IV
## Unfair Competition

33. Defendants adopt and incorporate the responses contained in Paragraphs 1 through 32 as if fully set forth herein.

34. Defendants admit that the allegations of paragraph 34 of the Complaint state, in part, the provisions of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

35. Defendants admit that the allegations of paragraph 35 of the Complaint state, in part, the provisions of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny Plaintiff's allegations set forth in its Prayer for Relief and otherwise deny that Plaintiff is entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

No act or omission of Defendants caused any injury or damage cognizable under the law to Plaintiff.

## THIRD DEFENSE

Defendants plead the affirmative defenses of laches, estoppel and waiver.

## FOURTH DEFENSE

Defendants plead that Plaintiff is guilty of unclean hands.

## FIFTH DEFENSE

Defendants plead that the Plaintiff's mark is not distinctive.

## SIXTH DEFENSE

Defendants plead that Plaintiff's work is not within the subject matter of trademark protections.

## SEVENTH DEFENSE

Defendants plead that there is no likelihood of consumer confusion.

## EIGHTH DEFENSE

Defendants plead that there is insufficient similarity between the alleged marks; that Plaintiff's alleged mark is different from Defendants' mark "WOODS & WATER OUTFITTERS" in terms of font, style, color and general appearance.

## NINTH DEFENSE

Defendants plead that their use was fair.

## TENTH DEFENSE

Defendants plead that Plaintiff has acquiesced in the use of its alleged mark by third parties.

## ELEVENTH DEFENSE

Defendants plead that prior to the events complained of in the Complaint, numerous third-parties have used trademarks in the retail apparel and sporting goods fields that are substantially identical to or similar to Plaintiff's alleged trademark. By virtue of said third-party uses, Plaintiff's name, package designs and uses of the alleged mark "WOODS & WATER" as set forth in Plaintiff's Complaint are indistinctive, common in the industry, and cannot serve as a

trademark or designation of the source of Plaintiff's products and Plaintiff's products alone. Plaintiff's rights, if any, in said alleged trademark must be strictly construed.

### TWELVTH DEFENSE

Defendants plead that they are not guilty of the matters charged against it in the Plaintiff's Complaint.

### THIRTEENTH DEFENSE

Plaintiff has abandoned whatever right, title, and interest in it to the alleged mark "WOODS AND WATER" that is may have had.

### FOURTEENTH DEFENSE

Unless specifically admitted above, Defendants deny each and every material allegation of Plaintiff's Complaint and demand strict proof thereof.

### FIFTEENTH DEFENSE

The trademark "WOODS & WATER" is merely descriptive of the nature of the services provided by Plaintiff and thus not afforded protection under the Trademark Act. (Trademark Act Section 2(e)(1), 15 U.S.C. 1052(e)(1)).

### SIXTEENTH DEFENSE

Defendants reserve the right to add additional responses and defenses within such time as may be allowed by the Court for amendments to pleadings.

_____
Christopher W. Weller (WEL020)
Henry C. Barnett, Jr. (BAR037)
Attorneys for Foria International, Inc, and
Kohl's Department Stores, Inc.

OF COUNSEL:
Capell & Howard, P.C.
P.O. Box. 2069
Montgomery, Alabama 36102-2069
(334) 241-8000
FAX: (334) 323-8888

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following counsel of record by placing and true and correct copy of same in the U.S. Mail, postage prepaid and properly addressed, as noted below, this the 3rd day of December, 2004.

Will Hill Tankersley
Kimberly Till Powell
David Burkholder
Balch & Bingham, LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

_____
OF COUNSEL

**Burkholder, David**

| | |
|---|---|
| **From:** | cmecf_ALND@alnd.uscourts.gov |
| **Sent:** | Tuesday, December 07, 2004 1:09 PM |
| **To:** | ecfAdmin@alnd.uscourts.gov |
| **Subject:** | Activity in Case 2:04-cv-03076-VEH Woods & Water, Inc. v. ForiaInternational, et al "Answer to Complaint" |

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**Northern District of Alabama**

Notice of Electronic Filing

The following transaction was received from Christopher W Weller entered on 12/7/2004 at 1:09 PM CST and filed on 12/6/2004

**Case Name:**      Woods & Water, Inc. v. Foria International, et al
**Case Number:**  2:04-cv-3076
**Filer:**               Foria International, Inc.
                         Kohl's Department Stores, Inc.
**Document Number:** 6

**Docket Text:**
ANSWER to Complaint by Foria International, Inc., Kohl's Department Stores, Inc..(DRR)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=12/7/2004] [FileNumber=16381-0]
[019d2ce65db8919cae9cf877dd2563ce0236782a8ce038396a3dbe171fa250505a881
81f3b3d64a4f77a237371cb4dcaf0a0cf2b0f2ffa395bb869ce1fc3d8d3]]

**2:04-cv-3076 Notice will be electronically mailed to:**

Henry C Barnett , Jr    hcb@chlaw.com

David R Burkholder    dburkholder@balch.com

Kimberly Till Powell    ktpowell@balch.com

Will Hill Tankersley , Jr    wtankers@balch.com

Christopher W Weller    cww@chlaw.com


12/7/2004

**2:04-cv-3076 Notice will be delivered by other means to:**

12/7/2004