# EXHIBIT

# J

**Opinion Number: 1986-02**

Search for:

Subject to attorney's lien, attorney must provide copies of client's complete file to client upon request

Question:

Pursuant to our previous telephone conversations, this letter is written for the purpose of requesting a written opinion pursuant to Rule 14 of the Rules of Disciplinary Enforcement. The opinion hereby requested should be based on the following assumed facts:

Attorney 'X' represented the City of 'H' as its City Attorney for a period in excess of twenty years. During the time of Attorney 'X's' service as a City Attorney, it became the custom and practice of Attorney 'X' to retain the originals of all deeds, contracts, writings, bond documents, etc., in his law office files. On several occasions prior to City Attorney 'X' being discharged as City Attorney, the City Council of City 'H' requested that he turn over to the City Clerk the original of all deeds, contracts, bond documents, etc., in his possession to which the City was a party or to which the City was obligated or had rights or privileges arising therefrom. The documents were not turned over to the City Clerk. Attorney 'X' was discharged as City Attorney in July, 1985. At the time of discharge, Attorney 'X' retained pending and open files which were at that time being handled by Attorney 'X's' office and all closed files which had been accumulated by Attorney 'X's' office during his years of service as City Attorney for City of 'H'.

The City Council has requested that Attorney 'X' turn over to the new City Attorney all pending legal files and matters which were being handled by Attorney 'X's' office at the time of his discharge as well as the original documents accumulated by Attorney 'X' during the years of his representation as City Attorney. The City has instructed that Attorney 'X' is to take no further action in the representation of the City of 'H' in any past, present or future matters. Assume that Attorney 'X' has been paid in full for all legal representation relating to all closed files in his possession. Assume further that Attorney 'X' has been paid in full for a portion of the open and pending files in his possession at the time of his discharge and has submitted statements for services rendered for the remaining portion of the open and pending files in his possession which have not been fully satisfied by the City.

Based on the hereinabove assumed facts, this letter will serve as a formal request that your office issue opinions as to the following inquiries:

1. What rights of possession or interest does the City of 'H' have in and to the contents of all closed files which have been accumulated by Attorney 'X' during his time of representation of the City of 'H' as their City Attorney, assuming that Attorney 'X' has been fully compensated for all legal services rendered relating to such closed files?

2. What rights of possession or interest does the City of 'H' have in and to all original deeds, contracts, bond documents or other writings to which the City is a party, is obligated or has any rights or privileges arising therefrom which have been retained by Attorney 'X' in his law office files, assuming Attorney 'X' has been fully compensated for all legal services rendered as relates to such files?

3. As relates to the open and pending files being handled by Attorney 'X' at the time of his discharge by the City of 'H' as City Attorney, please state opinions to the following inquiries:

A) What right of possession or interest does the City of 'H' have in and to the contents of the open and pending files retained by Attorney 'X' at the time of his discharge as City Attorney, assuming that Attorney 'X' has been fully compensated for all statements for professional services rendered submitted to the City of 'H' for such open and pending files?

B) What rights of possession or interest does the City of 'H' have in and to the contents of all pending and open files retained by Attorney 'X' at the time of his discharge as City Attorney for which there are outstanding statements for professional services rendered which have not been fully satisfied by the City of 'H'?

4. What rights or privileges does the City of 'H' have to examine or make copies of the contents of all files retained by Attorney 'X' for which Attorney 'X's' office has been fully compensated?

5. What rights or privileges does the City of 'H' have to examine or make copies of the contents of all files obtained by Attorney 'X' for which Attorney 'X's' office has not been fully compensated?

6. Who should bear the cost of duplicating the contents of any files obtained by Attorney 'X' for which Attorney 'X' has been fully paid for all professional services rendered in relationship to such open, closed or pending files?

7. Who should bear the cost of duplicating the contents of any files for which Attorney 'X' has not been fully compensated?

8. Based on the facts set out above, does Attorney 'X' have a right to an attorney's lien on any of the files retained by his office? If the answer is in the affirmative, please state to which files the attorney lien would attach and what rights or obligations are awarded to Attorney 'X' upon the attachment of such lien?"

ANSWER:

Subject to the attorney's lien provided for in Code of Alabama (1975), §34-3-61, the attorney must provide copies of a client's complete file to the client upon request if it is material delivered to the lawyer by the client or if it consists of an original document prepared by the lawyer for the client. A lawyer is not required to provide copies of legal analyses to the client unless he has specifically agreed to do so previously, and he is not required to furnish notes, research, and inter-office memoranda which went toward the compilation of the final product unless he has previously agreed to do so. This is so whether the attorney (1) voluntarily withdraws from representation under DR 2-111, (2) is discharged by his client, (3) continues to handle the active matter, or (4) concludes the matter and closes the file. Should the attorney choose to maintain a copy of these materials for his records, he must pay for the photocopying expense. Where the attorney has received full compensation for his services rendered in connection with a given file, he must surrender these materials to the client upon the client's request.

If the attorney has not been compensated, Code of Alabama (1975), §34-3-61 provides that:

Attorneys-at-law shall have a lien on all papers and money of their clients in their possession for services rendered to them, in reference thereto, and may retain such papers until said claims are satisfied, and may apply such money to the satisfaction of said claims.

DISCUSSION:

All of the above questions can be boiled down to one: To whom does a client's file belong, the client or the attorney? If the files belong to the client, they must be turned over to the client upon request. If they belong to the attorney, then it is fair to make the client pay for a copy of the file. If the files belong to the client, it should be immaterial whether the files are closed or pending. Curiously, we have been able to find almost no guidance on the subject. There are no Alabama cases which directly address the issue, nor has the Disciplinary Commission issued ethics opinions on point. The Code of Professional Responsibility contains no provision addressing this issue, nor are we able to locate any pertinent opinions issued by the ABA.

Reported ethics opinions from other jurisdictions are inconsistent and offer no analysis of the conclusions reached therein. See, e.g., Opinion 86-154 of the Professional Guidance Committee of the Philadelphia Bar Association reported at ABA/BNA Lawyers' Manual on Professional Conduct, Ethics Opinion 901: 7510 (holding that a lawyer cannot condition surrender of files on payment of photocopying costs as photocopying the file is for the attorney's benefit; Opinion 494 of the Legal Ethics Committee of the Oregon State Bar reported at ABA/BNA, Id., 801: 7113 (holding that the attorney must provide copies of a client's complete file to the client upon request if it is material delivered to the lawyer by the client or if it consists of an original document prepared by the lawyer for the client. A lawyer is not required to provide copies of legal analyses to the client unless he has specifically agreed to do so previously); Opinion 554 of the New Jersey Advisory Committee on Professional Ethics reported at ABA/BNA, 801: 5817 (A lawyer whose client retained new counsel must allow the new counsel access to the client's entire file, but the client should be responsible for the cost of copying the file material).

DR 2-111(A)(2) provides that:

(A) In General

* * *

(2) In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to rights of his clients, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable law and rules.

Thus, whether the attorney's employment is terminated by his voluntary withdrawal under DR 2-111(C), or whether he is fired by his client under DR 2-111(B)(2), our Code of Professional Responsibility requires that the attorney relinquish to his client " ... all papers and property to which the client is entitled." The Code is silent as to whether an attorney must turn over the client's "papers and property" in other circumstances, as where the attorney remains in the case until its conclusion or where the attorney retires or dies.

Further, DR 2-111(A)(2) begs the question by requiring the attorney to deliver to the client papers and property "... to which the client is entitled." In order to determine the client's entitlement, we must refer to Code of Alabama (1975), §34-3-61, which provides that:

Attorneys-at-law shall have a lien on all papers and money of their clients in their possession for services rendered to them, in reference thereto, and may retain such papers until said claims are satisfied, and may apply such money to the satisfaction of said claims.

This statute, of course, creates the so-called "attorney's lien" authorizing an attorney to retain his client's papers until his claim against the client for services rendered is satisfied. When the claim is satisfied, the statutory authorization for retention of the files is terminated. It follows then that the files must be surrendered to the client upon request and therefore constitute the client's property. There would be no need to create a statutory lien on the attorney's behalf if the files in fact belonged to the attorney.

The statute further begs the question, however, in applying the lien to "... all papers and money of their client in their possession ...." Neither this statute nor any case interpreting it defines which papers belong to the client. Does this refer merely to original documents which the client has provided the attorney in the course of representation, as some state bars have held? Does it refer additionally to court pleadings and other documents of public record? Or does it apply to the entire file developed by the attorney?

The sole guidance that we have been able to locate is an order of the Supreme Court of Alabama dated October 1, 1984, which provides that a trial transcript purchased by the state for use of indigent defendants in criminal appeals is the property of the criminal defendant and must be returned to the defendant upon his request. (Said Supreme Court Order is set out in its entirety at the end of this opinion). By extension, we hereby hold that the client is entitled not only to documents which were furnished by the client to the lawyer in connection with the representation, but also to any materials in the file furnished to the attorney on the client's behalf. In addition, and by extension, the client is also entitled to original documents prepared by the lawyer for the client, such as deeds, wills, pleadings and the like, and other documents of public record.

Provided that the attorney has been compensated by the client for services rendered, the materials in the file that are furnished by or for the client are therefore the client's property and must be surrendered to the client upon request. It follows that if the attorney chooses to keep a copy of the materials, it must be at his own expense.

Where the attorney has not been fully compensated, the client's possessory rights to the file are subject to the attorney's lien statute created by §34-3-61. The interpretation of that statute is a matter of law rather than of ethics and is not one which we are empowered to address.

With these principles elaborated, we can now address the specific questions posed by your request:

1. Assuming Attorney X has been fully compensated for all legal services rendered relating to closed files accumulated by him during his representation of the City, those files are the property of the City and must be surrendered by the attorney, subject to his retention of legal analyses, notes, research and inter-office memoranda which went toward compilation of the final work product, assuming he has not previously agreed to furnish those materials to the client.

2. Same as number 1 above.

3. A. Same as number 1 above.

B. Assuming Attorney X has not been compensated for his services rendered in connection with certain pending and open files, the City's possessory rights to the materials in those files is subject to the attorney's lien created in §34-3-61.

C. Same answer as 3 A, which is to say that the rights of the City of H are subject to interpretation pursuant to the provisions of the attorney's lien created in §34-3-61.

4. As these files are the property of the City of H, the City has the right to examine the files and to make copies of them although they remain in the possession of Attorney X.

5. As to those files for which Attorney X has not been compensated, the City's right to possession, examination, or copying of the materials in the file is subject to the attorney's lien created in §34-3-61. Although we do not construe or apply that statute, we note that allowing the City to copy the files subject to the attorney's lien would completely negate the force of the lien.

6. Attorney X must pay for the cost of duplicating the file materials that he wishes to retain from files for which he has been compensated.

7. An answer to this question would involve an interpretation of §34-3-61 and is, therefore, beyond the purview of this opinion.

8. An answer to this question would involve an interpretation of §34-3-61 and is therefore a question of law rather than of ethics and beyond the scope of this opinion.

HLW/vf 12/23/87

revised

AWJ/vf 4/13/88

Supreme Court Order of Alabama set out for informational purposes only:

The STATE OF ALABAMA - - - - - - - - - - - - - - - JUDICIAL DEPARTMENT - - - - - - - - -

IN THE SUPREME COURT OF ALABAMA

OCTOBER 1, 1984

The Honorable William H. Morrow, General Counsel for the Alabama State Bar, has presented to the Supreme Court a request for an interpretation of Disciplinary Rule 2-111(A)(2) of the Code of Professional Responsibility of the Alabama State Bar as to whether on termination of an attorney-client relationship, a court-appointed attorney should upon request by an indigent criminal defendant, return to that defendant the copy of the transcript furnished at the expense of the State pursuant to Section 12-22-197, Code 1975.

IT IS CONSIDERED AND DETERMINED by the Court that it is appropriate for an attorney in this situation to

return the transcript to the defendant.

Torbert, C.J., Maddox, Faulkner, Jones, Shores, and Adams, JJ., concur.

Almon, Embry, and Beatty, JJ., not sitting.

I, Robert G. Esdale, as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the Instrument(a) herewith set out as same appear(s) of record in said Court. Witness my hand this 10th day of Oct. 1984.

Robert G. Esdale

Clerk, Supreme Court of Alabama

Click your browser's **BACK** button to continue...

415 Dexter Avenue • Montgomery, Alabama 36104 • (334) 269-1515
Copyright © 2005, Alabama State Bar.