# EXHIBIT

# K

**Opinion Number: 1992-05**

Search for:

Absent valid attorney's lien, the file of the client belongs to the client

QUESTION:

"Fact Situation No.1: A law firm (the "Firm") represents a client (the "Client") and maintains five different files relating to five different matters ("Matter 1, Matter 2, Matter 3, Matter 4, Matter 5") all of which are different. The Firm has an account receivable due from the Client relating to work performed on Matter 5, but all amounts due the Firm for previous work performed on Matters 1 through 4, inclusive, have been paid in full. The Client has delivered a letter to the Firm directing the transfer of his files to a different firm (the "New Firm"). With respect to the foregoing, please respond to the following questions:

1. Does the Firm have a lien, pursuant to Section 34-3-61 Code of Alabama (1975), on all papers of the Client in its possession, which would include all papers relating to Matters 1 through Matters 5, inclusive, even though Matters 1 through 4 were not in reference to the services rendered creating the purported lien, or

2. Does the Firm have a lien solely on the papers relating to Matter 5 and thus must release to the New Firm, in accordance with the Client's instructions, all files relating to Matters 1 through 4, inclusive?

Fact Situation No.2:

Assume the same facts that are contained in Fact Situation No.1 except that all work product of the Firm relating to Matters 1 through 5, inclusive, has been maintained and kept in one file of the Client. Would the questions set forth in Fact Situation No.2 be answered in the same manner, and if not, please explain? Because client matters are now pending and work has been requested on various client files, (much of which is a matter of urgency), the ability to perform services is dependent on your ruling on the above facts. Accordingly, please expedite your response to this ruling request."

ANSWER:

Fact Situation No.1: As a matter of ethics, it would appear that the Firm would have a lien only on the papers relating to Matter 5, and must, therefore, release the client files in accordance with the client's instructions.

DISCUSSION:

The Disciplinary Commission has repeatedly held that the files of a client belong to the client absent some fee dispute or attorney's lien. See RO-86-02, RO-91-06, and RO-90-92. Specifically, in RO-86-O2, the Commission stated:

"Subject to the attorney's lien provided for in Code of Alabama (1975), §34-3-61, the attorney must provide copies of a client's complete file to the client upon request if it is material delivered to the lawyer by the client or if it consists of an original document prepared by the lawyer for the client."

The Commission further opined that:

"Where the attorney has received full compensation for his services rendered in connection with a given file, he must surrender these materials to the client upon the client's request." (Emphasis supplied).

This principle was reaffirmed in RO-87-148 which fully cites the then applicable Disciplinary Rule, as well as the statutory provision concerning attorney's liens. ANSWER:

Fact Situation No.2: If the work product of the Firm relating to Matters 1 through 5, inclusive, is so intricately interwoven that it cannot be, with reasonable effort, segregated, the statute would appear to allow the attorney's

lien to attach to the entire work product. DISCUSSION:

The work product of the Firm relating to Matters 1 through 5, inclusive, may or may not be subject to segregation. If the work product is such that the matters for which the Firm has been compensated cannot be, with reasonable effort, separated from the whole, the language of the statute would appear to protect all papers of the integrated file.

If, on the other hand, with the exercise of reasonable effort, such segregation of the work product relating to Matters 1 through 4 can be accomplished, then the answer to Fact Situation No.2 would be the same as that stated in Fact Situation No.1, above.

3/11/92

Click your browser's **BACK** button to continue...

415 Dexter Avenue • Montgomery, Alabama 36104 • (334) 269-1515
Copyright © 2005, Alabama State Bar.