# EXHIBIT

# L

Case 2:05-mc-03270-MEF   Document 1-13   Filed 11/14/2005   Page 1 of 3

# Opinion Number: 1990-92

Search for: [search]

Disclosure of file contents pursuant to subpoena by client
QUESTION:

"1. I am an attorney licensed to practice law in the State of Alabama; 2. I represented a client in the closing of a $50,000 loan from S Bank of B, Alabama; 3. My client has defaulted on said loan, and is now suing S Bank, inter alia, on the theory that S Bank negligently made the $50,000 loan to her in the first instance; 4. My client has also sued the business management consultant that helped her acquire her loan, and I believe others. At this time, there are at least six different law firms involved in the litigation; 5. Though I am not a party to the litigation, pursuant to Rule 34, ARCP, my client has subpoenaed documents from her file and certain of my business records. While I have no objections to delivering these documents and records to my client, I do have some serious ethical concerns about complying with my client's subpoena. 6. My client's request for production of documents is fraught with ethical concerns, in light of the fact that Defendant S Bank has notified me that it is entitled to be present at the time I comply with my client's subpoena, and that it is entitled to the same discovery which I provide my client. 7. It is most likely that one or all of the attorneys for the parties will want to depose me in order to discover communications which occurred before, during and after the closing of my client's S Bank loan. I would prefer not to be in the position of having to constantly assert an attorney-client privilege during a deposition, or worse, be compelled to seek constant rulings from the Court as to whether a particular inquiry would implicate privileged communications between me and my client. 8. I have informed my client that I will cooperate fully with the parties, once my professional and ethical concerns are resolved. As I understood our conversation on Tuesday, you initially advised me to obtain a waiver of the attorney-client privilege between me and my client before giving my client any discovery, and that absent such a waiver, seek a Court Order requiring me to release the records and documents requested by my client. This I have already done."

ANSWER:

Pursuant to relevant provisions of the Code of Professional Responsibility and the Rules of Professional Conduct material generated during the course of an attorney-client relationship, i.e., the attorney's work product, and which would be likely to be held in the file of an attorney, is privileged information and not subject to general discovery and/or disclosure. Rule 26, Alabama Rules of Civil Procedure. Disclosure of that information to third parties would be inappropriate absent the existence of certain specific conditions, including client consent or the order of an appropriate court of law. The Disciplinary Commission has, in the past, held that a client has a right to the material in the client's own file (see the July 1988 Alabama Lawyer and/or Opinion RO-86-02). Accordingly, it is our opinion that, with or without subpoena, your client has a right to request and to receive documents from her file. In making this statement we assume that there is no fee dispute between you and the client and that the question of an attorney's lien relative to those same documents does not exist.

As to the client's right to certain of your "business records", we deem that to be a legal question beyond the scope of our jurisdiction and review. However, and once again in accord with the provisions of both the Code of Professional Responsibility and the Rules of Professional Conduct, the client does have the right to complete disclosure regarding funds received on her behalf and disbursed to or on her behalf. [Refer to DR 9-102(B)(3) and Rule 1.15(a) and (b)]. We consider the matter of S Bank's contention of entitlement to discovery of the same material to be a legal question beyond our purview, but we do believe that it is an ethical requirement that you assert the attorney-client privilege as to these materials until such time as either the client waives her right to have them remain confidential or until such time as an order from a court of competent jurisdiction has been issued ordering their disclosure to S.

Whether the assertion of the privilege requires a "question by question" assertion or a blanket assertion is a matter of conjecture and beyond our consideration. While it is not in the nature of a formal ethics opinion to suggest legal remedies, it does occur to the Commission that this matter might be brought to a resolution, short of setting forth a question by question or document by document objection, by seeking a protective order to the entire work product or by seeking to have any subpoenas issued by third parties vis-a-vis those same documents quashed.

The obligation of an attorney to uphold the attorney-client privilege is high, but the documents subject to the privilege should not unreasonably be withheld from the client herself. Likewise, should the client elect to waive the privilege, or to act in such a way as to legally constitute waiver, then the attorney may comply with any reasonable request for information.

AWJ/vf

12/21/90 revised JAM/2/6/91

Click your browser's **BACK** button to continue...

415 Dexter Avenue • Montgomery, Alabama 36104 • (334) 269-1515
Copyright © 2005, Alabama State Bar.