# EXHIBIT

# M

**Opinion Number: 1991-06**

Search for: search

Required notice to client when attorney leaves law firm

QUESTION:

"This will followup on the recent telephone call which I made to your office. I had some questions concerning a client who is a lawyer here in Alabama. I will refer to him as Mr. Lawyer. Mr. Lawyer has left the law firm with which he worked for approximately two and a half years. While Mr. Lawyer was with the firm, a number of clients entered into Contracts with the firm because of their friendship/relationship with Mr. Lawyer. In other words, Mr. Lawyer 'brought' these clients into the firm. In one instance in question, the client came to the firm for other reasons, but Mr. Lawyer was primarily responsible for handling that file and as a result has established a strong friendship with the client.

Mr. Lawyer has now voluntarily left the firm. His questions, and mine, concern his obligations and rights to those clients which he 'brought' to the firm and whose matters are still pending. He has similar questions regarding the one client who he did not 'bring' to the firm.

The firm may or may not be a partnership. My best information regarding the manner in which the firm is structured is as follows: The firm was owned by an individual lawyer's professional corporation (John Doe, P.C.) and the law firm did business as Doe, Jones and Smith. Mr. Lawyer was not named in the law firm name. The four most senior attorneys, including Mr. Lawyer (as well as Doe, Jones and Smith), received in the form of compensation a draw plus a percentage of the firm revenue after a certain amount of money was made, for example $1,000,000.00. (The youngest attorney, number five most recently employed was on salary only.) Mr. Lawyer was told by Mr. Doe this was the amount of anticipated revenue for a year. However, if the law firm exceeded the anticipated revenue, Mr. Lawyer would receive the agreed upon percentage. Likewise, if the law firm's revenue was less than anticipated, Mr. Lawyer would not receive a percentage until the anticipated amount of revenue was reached, e.g. $1,000,000.00.

All contracts with regard to clients, including those which were 'brought' into the firm by Mr. Lawyer and in the one instance where the client was not 'brought' by Mr. Lawyer, were between client and Doe, Jones and Smith. All of the client files are on a contingency fee contract with Doe, Jones and Smith.

Several weeks ago Mr. Lawyer submitted his resignation from Doe, Jones and Smith. Prior to leaving the law firm, Mr. Lawyer telephoned several of his clients and informed them he was leaving. Some of these clients expressed an interest in Mr. Lawyer continuing to work on their case.

Please render an opinion as to the ethical considerations in the following conduct: (1) Is it permissible for Mr. Lawyer to contact these clients and explain to them that they have the right to select their own attorney and that they have basically three options, (a) for the client's file to remain with Doe, Jones and Smith, (b) for the client to continue to be represented by Mr. Lawyer in his new law practice, and (c) for the client to take his file to some other lawyer.

(2) In the event the client would like for Mr. Lawyer to continue to represent them, is it permissible for Mr. Lawyer to draft a letter to Doe, Jones and Smith, for the client's signature, notifying Doe, Jones and Smith, of the client's decision and requesting the client file be provided to Mr. Lawyer.

(3) Upon being notified by a client that an attorney's services are no longer desired and Mr. Lawyer will be representing them, is it permissible for the firm to contact the client?"

ANSWER:

(1) Mr. Lawyer may contact the clients so affected and inform them that they have the right to designate where their files should go including: (1) staying with Doe, Jones and Smith; (2) going with Mr. Lawyer in his "new" law practice; or, (3) taking the file(s) to any other lawyer. (2) If the client wants Mr. Lawyer to continue handling their

legal matters, Mr. Lawyer, upon request of the client, may draft a letter to Doe, Jones and Smith, for the client's signature, notifying Doe, Jones and Smith of the client's decision and requesting transfer of the client's file to Mr. Lawyer.

(3) Upon being notified by a client that a lawyer's services are no longer desired and that Mr. Lawyer is now representing the client, the former lawyer, absent a specific request not to do so, may contact the client.

DISCUSSION:

The Disciplinary Commission has previously held that the files of a client belong to the client. In RO-86-02, the Commission reasoned that the materials in the file are furnished by or for the client and are therefore the client's property. Building on this foundation, it would then follow that the files belong wherever the client wishes for them to belong. If the client directs that the files be in the possession of a particular lawyer or law firm, then they should be in the possession of that individual. The only exception would be in that instance where the lawyer is asserting a valid "attorney's lien" for services rendered for the client.

The client has the right to counsel of his/her own choosing. If the client selects a lawyer the client has the obvious right to terminate that relationship. If substitute counsel is obtained, new counsel may prepare for the client formal notification of the termination of that relationship with previous counsel as well as a request that the client's file be surrendered to new counsel. This all assumes the complete absence of any intentional interference by substitute/new counsel with the previous contractual relationship, or fraud, deceit or misrepresentation in inducing such termination of the previous lawyer-client relationship and/or creation of the "new" lawyer-client agreement.

Finally, absent this same intentional interference, fraud, etc., the former lawyer may continue contact with the client unless the client objects thereto. If the client objects to such contact, the former lawyer's failure to accede to the desires of the former client would be considered as vexatious and/or harassing and, therefore, unethical. The former lawyer, however, could obviously contact the former client for certain, justifiable reasons, e.g., payment for services rendered.

3/12/91

Click your browser's **BACK** button to continue...

415 Dexter Avenue • Montgomery, Alabama 36104 • (334) 269-1515
Copyright © 2005, Alabama State Bar.