# EXHIBIT

# N

ETHICS OPINION

RO-87-148

QUESTION:

"I would appreciate your written opinion on the following matter.

Disciplinary Rule 2-111(A) provides, in part, as follows:

DR 2-111 – Withdrawal from Employment

(A) In general.

(1) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.

(2) In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of its client, including giving due notice to its client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

Is there any requirement that an attorney whose representation of a client is terminated other than by withdrawal, i.e., (such as termination of the lawyer's employment by the client), deliver to the client all papers and property to which the client is entitled. In other words, is the sole obligation to deliver to the client all papers and properties to which the client is entitled that imposed by DR 2-111(A)(2) in cases of withdrawal from employment or is there a separate and general obligation to deliver such papers and properties to the client in all circumstances where the employment of the lawyer is terminated for any reason.

Further, does the fact that the client has not paid all of the agreed upon retainer or fee which is due to the lawyer have any effect upon the obligation of the lawyer to deliver to the client such papers and properties as may have been generated, gathered or obtained in representation of the client."

ANSWER:

This question has been fully answered in RO-86-02 which states as follows:

"Subject to the attorney's lien provided for in Code of Alabama (1975), §34-3-61, the attorney must provide copies of a client's complete file to the client upon request if it is material delivered to the lawyer by the

RO-87-148

client or if it consists of an original document prepared by the lawyer for the client. A lawyer is not required to provide copies of legal analyses to the client unless he has specifically agreed to do so previously, and he is not required to furnish notes, research, and inter-office memoranda which went toward the compilation of the final product unless he has previously agreed to do so. This is so whether the attorney (1) voluntarily withdraws from representation under DR 2-111, (2) is discharged by his client, (3) continues to handle the active matter, or (4) concludes the matter and closes the file. Should the attorney choose to maintain a copy of these materials for his records, he must pay for the photocopying expense. Where the attorney has received full compensation for his services rendered in connection with a given file, he must surrender materials to the client upon the client's request.

If the attorney has not been compensated, Code of Alabama, (1975), §34-3-61 provides that:

> 'Attorneys-at-law shall have a lien on all papers and money of their clients in their possession for services rendered to them, in reference thereto, and may retain such papers until said claims are satisfied, and may apply such money to the satisfaction of said claims.'"

DISCUSSION:

See RO-86-02 attached hereto.

HLW/vf

1-5-87

revised

4-28-88

AWJ/vf

2